### JEROME DANFORTH *vs.* HENRY DURELL.

If a private way is opened, leading from a public street, and prepared for use in the same manner as a public street, and with nothing to show that it is not such, the public may lawfully travel over it, although it is closed at one end; and in so doing they are bound only to the same degree of care, in respect to others who are also lawfully using it, as in travelling over public streets.

TORT to recover compensation for injuries sustained by being run over by the defendant's horse and wagon.

At the trial in this court, before *Merrick, J.,* it appeared that the injury was received in that portion of Auburn Street, in Boston, which is north of Livingston Street, and which was a private way, laid out with brick sidewalks and a carriage way between, and with nothing to show that it was not a public street. The private way was open only at one end, where it entered upon Livingston Street, and the children of the abutters, of whom the plaintiff was one, were accustomed, by prescription, to play therein. The defendant, who was a grocer, had sold some articles to a person who lived upon the other portion of Auburn Street, and sent the same in his wagon to be delivered. Neither he nor his servant knew in which part of the street the purchaser lived; and the servant drove into that part which was laid out as a private way, and ran over the plaintiff, who was at play there with other boys.

The plaintiff requested the court to instruct the jury as follows:

1. That if Auburn Street, where the plaintiff was run over, was a private way or court, laid out for the use of those abutting, and was closed at the end, and if the driver of the defendant's horse and wagon might, upon reasonable inquiry, have ascertained that the house to which he was bound was not in the part of Auburn Street north of Livingston Street, and drove into the court, and injured the plaintiff while the plaintiff was in the exercise of ordinary care, the defendant is responsible for the damage sustained by the plaintiff.

2. That to drive into the court by mistake as to the place of

residence of the customer to whom the goods sold were to be carried, which, by reasonable attention in making inquiries upon the subject, could have been avoided, and having no other business in the court than the delivery of the goods, or the finding of the place where they were to be delivered, without giving warning to children of abutters residing on Auburn Street, and then playing there, would be negligence on the part of the driver; and the driver would, in such case, be a wrongdoer; and the defendant, in whose employment he was, would be liable for his acts and the consequences thereof, whether the plaintiff was or was not in the exercise of ordinary care.

3. That if the locality where the plaintiff was run over was a private street or place, where children of the abutters and others habitually resorted for play, the defendant and his servant were bound to know the customary use of the street, and to exercise such care in driving into it as this customary use of the street required.

The judge declined to adopt the proposed instructions; but, intending to reserve them for the consideration of the whole court, did instruct the jury as follows:

That the opening of Auburn Street by the proprietors of the land in the manner in which it was prepared for use and travel, and connecting it with Livingston Street, which is a public way, and suffering it to be so connected and opened, without any notice or indication that it was not a public way, or that it was reserved for private use, was a license to the whole public to use it in the same way and manner, and with the same rights, as if it was a public street duly established; and, therefore, that the defendant's servant had a right to enter upon and drive his horse and wagon into the street, the same as if it was a public way.

That the children of abutters might lawfully play in Auburn Street, it being a private way, by the permission of the abutters but that the defendant or his servant would not be bound to know the customary use of said street as a place for the children to play; and unless they had knowledge of such use or were in some way notified thereof, would not be bound to drive there with any more care than if such street were not so used

That the defendant's servant was bound to use, in the business in which he was then engaged, only the same degree of care in Auburn Street as if it had been a public street.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*R. F. Fuller*, for the plaintiff, cited *Hemphill* v. *Boston*, 8 Cush. 195; *Gowen* v. *Philadelphia Exchange Co.* 5 Watts & S. 141; *Stafford* v. *Coyney*, 7 B. & C. 257; *Simmons* v. *Mumford*, 2 R. I. 172; *Campbell* v. *Lang*, 1 Macq. H. L. Cas. 451; *Hawkins* v. *Carbines*, 3 Hurlst. & Norm. 914.

*A. Russ*, for the defendant.

CHAPMAN, J. It appears that Auburn Street, though a private way, was opened and prepared for travel, with brick sidewalks on each side, and a carriage way between them, and with nothing to indicate that any persons were to be excluded from using it. A public street crossed it. The opening of a way in this manner, with the ordinary indications that it is a way for public use, constitutes a license to the public to use it for all the purposes to which it is adapted. Washburn on Easements, 133. Foot passengers may walk upon the sidewalks, and carriages may be driven over the carriage way, until the license is revoked. Many private ways are thus left open to public use. See *Durgin* v. *Lowell*, 3 Allen, 398. And if the opening of such ways were not to be regarded as a license to the public to use them, it would seem, as Mr. Washburn well remarks, " as a trap to innocent passengers."

The fact that Auburn Street was a place, court or *cul de sac*, and not a thoroughfare open at both ends, is not material. Such places are very common in cities. Some of them are private and some are public. Some are not adapted for travel with carriages, as was the case with the way referred to in *Hemphill* v. *Boston*, 8 Cush. 195. Some are prepared for carriages and connected with a thoroughfare for foot passengers. They are most commonly like Auburn Street, with sidewalks and a carriage way throughout their whole length, and the license to use them, when they are private, is limited by considerations of obvious propriety to the species of travel for which they are prepared, and to which they are adapted.

Those who use such ways must in using them exercise reasonable care, adapted to the circumstances of the case. This limitation of the license is also founded in obvious propriety; and it is the same rule which exists in regard to the use of highways. There is no good reason for adopting a different rule from this in either case ; nor are travellers bound to know whether a way thus opened is public or private. It would be unreasonable to require such knowledge, even if the fact of knowledge were material. But as the use may be the same in either case, the knowledge is not material.

Neither is the fact material that children were accustomed to play there, either by prescription or by license. They are accustomed to play also on public ways, and may lawfully do so, using reasonable care, and doing nothing injurious to others. Therefore the way was not different in this respect from public ways.

Such being the rights of the parties, the instructions given to the jury were accurate, full and sufficient, and the plaintiff's request for instructions was rightly refused. None of the facts referred to in the request for instructions were material to the decision of the case. *Exceptions overruled.*